Alycia A. Degen, SBN 211350
adegen@sidley.com
Bradley Dugan, SBN 271870
bdugan@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: +1 213 896-6000
Facsimile: +1 213 896-6600

Attorneys for Defendants

*Bayer Corporation, Bayer Essure Inc.,
Bayer HealthCare LLC, Bayer
HealthCare Pharmaceuticals Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE ALEXANDER, TIM ALEXANDER, VICTORIA ANTHONY, KENNETH ANTHONY, ASHLEY AUBERRY, KRYSTINA AZUCENA, ANGELA BELL, ASHANI BLOUNT, CELOA CAREY, ABIGAIL CLINGER, KAREN ERIKSEN, JULIE FETTERS, MARIGOLD FONTENOT, TRACY GODFREY, MICHELLE GONZALEZ, JUAN ALFONZO GONZALEZ-ARROYO, BRIDGET GRIPSHOVER, MISTY MILLS, NATHAN MILLS, ERIKA MIX, SUZY MURILLO, LUIS MURILLO, SHANNON ROBINSON, JESSICA RUPERT, TRAMIKA SCOBY, TEAIRA SHERRER, KRISTEEN SHINN, ROBERT JAMES SHINN, TANGELA SLAYFORD, FRONA TAYLOR, TRACHELL TRICE, AMANDA WILKINS, MEGAN WOOLWINE, ANDREW WOOLWINE, LANEYA ARVIZU, SONJA BONANNO, JANET CUNNINGHAM, NANETTE DIAZ, TARA ERICKSON, ROXANNE GLASS, MELANIE GREEN, MELANIE HADDOCK, KHRISTINA HOLLAND, ELAINE HOLLOWAY, JENNIFER JACKSON, EMILY JANKOWSKI, JILLYN KATZ, LORI KIPP, DELTA LYNCH, JAMES LYNCH JR., TINA MATNEY, HOLLI MCALPIN, SHIRLEY MCCALEBB, STEPHANIE MYERS, AMANDA | Case No. 16-cv-6822  **NOTICE OF REMOVAL** |

SHORT, BRIANNA SMITH, SHARON
VALENTINE, LILLIAN
VANDERGRIFF, MELISSA
WHITTLE, DANIEL WHITTLE,
MIRANDA WRIGHT, SHARDE
ALLEN, LUCIANA ARMSTRONG,
KRYSTAL BRACKETT, KELSEY
CASTIAUX, JAMES CASTIAUX,
KIMBERLY COOK, ALICIA
CUMPLIDO, DAVID MAIER,
MELISSA DARNALL, JERRY
DARNALL, DONNA DAVIS,
RICHARD DAVIS JR., BRANDY
DENLEY, JASON DENLEY,
MICHELE ELWOOD, CHAD
ELWOOD, LENA EXLINE, SHERRY
FAIRCLOTH, PERLA GALLARDO,
ARICKA GORDON, CARLA
JOHNSON, KATIE LARDIE, SHAWN
LARDIE, LASHAWNDA LEWIS,
CHELSEA MARSHALL, JAIME
MOORE, JENNIFER MORRISON,
HOLLY OWEN, SHIRLEY
QUEENEN, KIMBERLY CAMPBELL
RASH, DONALD RASH, SHERICA
RHYAN, CRYSTAL SLONE,
TIFFANY SMITH, AMANDA SMITH-
CONLEY, ARTISCIA YATES,
LAMONICA YOUNG, WILLIE
RUBIN, NICOLE HARRISON,
KYNISHA REID, JENNIFER
BOSLEY, AMANDA CUMMINGS,
KEA TAYLOR, RITA MCCALLAN,
APRIL WILLIS, JAMIE BELL,
MELISSA JOPPY, GRETCHEN AMY,
PAMELA HARTMANN, ASHLEY
WORSHAM, MAJORIE LYNAR,
SARAH STOCKIGT, NICOMA
EDELSTEIN, LOIS ELLIANE
BARBREY, JENNIFER LINDSEY,
ERICA BAER, AMY FALCON,
TONYA BUCKLAND, KRISTY
KOELIN, RHONDA SUTTLES, APRIL
KAROW, HEATHER TETER,
CHRISTINE FLANINGAM, BRENNA
BAKER, DAHLIA DORMER,
MELISSA JOHNSON, ANGELA
CAPAUL, MARIA JASSO, KEELIE
DORSEY, PAMELA DENNIS, TINA
VEGA, LADNIE DENNIS, MARIE
SANCHEZ, TISHA CORNELL, DENA
SHELDON, SARA KASER,
KIMBERLY KAISER, JEANNE
LEWEY, CASI DIXON, ANGEL
BROCK, ALEXANDRIA BRADLEY,

MARTHA CERVANTES, HEATHER
CHRISTOPHER, TAMIKA CORREA,
TOSHIA DUNAGAN, YOLANDA
GARIBO, DENISE GUCKIA,
ASHLEY JONES, TRESSA KELLEY,
EMILY KILLCREAS, PATRICIA
LANDA, ERNESTA LEE, TANYA
LEE, MERCY MARTINEZ, TONYA
MCCLINTON, GRACE OKORO,
ALMA RAMIREZ, DARCY
REIFINGER, ANGELICA ROSALES,
CHRISTINA SCOTT, CAROL
SIMMONS, MARIA SOLIS, ARETHA
WASHINGTON, KIMYATA WHITE,
AMY WILLIAMS, SONDRA
WILLIAMS, JACKLYN ADKINS,
BRANDON ADKINS, ALISHA
BANKS, MARLYN BANKS, DANA
BIERY, HOLLY CANNON, RYAN
CHALMERS, RAYNA GAINS,
CHRISTIE GREGORY, ROZETTA
LEFFEW, LUCAS LEFFEW, SHANA
MASON, CRAIG MASON,
YOLANDA MILLS, MELISSA
SLOAN, MATTHEW SLOAN,
ANGELICA SMITH, DONNA
SPRAGUE, CIERRA THOMAS,
LAURENE WIDSTRAND,

    Plaintiffs,

vs.

BAYER CORPORATION, BAYER
HEALTHCARE LLC, BAYER
ESSURE INC., BAYER
HEALTHCARE
PHARMACEUTICALS INC., and
DOES 1-10, inclusive,

    Defendants.

Pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453, Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc. (collectively, "Bayer"), through undersigned counsel, hereby remove this action from the Superior Court of the State of California, County of Los Angeles (the "Superior Court"), to the United States District Court for the Central District of California.  In support of this Notice of Removal, Bayer states the following:

## I.      THE STATE COURT ACTIONS

1.      This Notice of Removal pertains to seven cases that the Los Angeles Superior Court consolidated as a single action "for all proceedings and all purposes" under *Alexander v. Bayer Corp.*, Los Angeles Superior Court Case No. BC621923. Plaintiffs allege that they suffered injuries as a result of using Essure®, an FDA-approved Class III medical device that serves as a form of permanent female birth control.

2.      On May 27, 2016, Plaintiff Jacqueline Alexander and 33 other plaintiffs ("Alexander Plaintiffs") filed a complaint ("Alexander Compl." or "Alexander Complaint") and commenced an action styled *Alexander, et al. v. Bayer Corp., et al.*, Case No. BC621923.  Alexander Plaintiffs served the Alexander Complaint on Defendants on May 27, 2016.  One Alexander Plaintiff, Tangela Slayford, shared New Jersey citizenship with Defendants Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc.

3.      On June 16, 2016, Plaintiff Laneya Arvizu and 26 other plaintiff ("Arvizu Plaintiffs") filed a complaint and commenced an action styled *Arvizu, et al. v. Bayer Corp., et al.*, Case No. BC624014.  Arvizu Plaintiffs served the complaint on Defendants on June 17, 2016.  On June 20, 2016, Arvizu Plaintiffs filed an amended complaint ("Arvizu Compl." or "Arvizu Complaint"), which they served on June 21, 2016.  Four Arvizu Plaintiffs, Melanie Green, Delta Lynch, James Lynch, Jr., and

Amanda Short, shared New Jersey, Pennsylvania, or Delaware citizenship with Defendants.

4.      On June 30, 2016, Plaintiff Sharde Allen and 37 other plaintiffs ("Allen Plaintiffs") filed a complaint ("Allen Compl." or "Allen Complaint") and commenced an action styled *Allen, et al. v. Bayer Corp., et al.*, Case No. BC625681.  Allen Plaintiffs served the Allen Complaint on Defendants on June 30, 2016.  Two Allen Plaintiffs, Kimberley Campbell Rash and Donald Rash, shared Pennsylvania citizenship with Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc.

5.      On July 7, 2016, Plaintiff Nicole Harrison and 29 other plaintiffs ("Harrison Plaintiffs) filed a complaint ("Harrison Compl." or "Harrison Complaint") and commenced an action styled *Harrison, et al. v. Bayer Corp., et al.*, Case No. BC626211.  Harrison Plaintiffs served the Harrison Complaint on Defendants on August 23, 2016.  Two Harrison Plaintiffs, Melissa Joppy and Dahlia Dormer, shared Pennsylvania citizenship with Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc.

6.      On July 8, 2016, Plaintiff Keelie Dorsey and ten other plaintiffs ("Dorsey Plaintiffs") filed a complaint and commenced an action styled *Dorsey, et al. v. Bayer Corp., et al*., Case No. BC 626412.  Dorsey Plaintiffs served the complaint on Defendants on July 15, 2016.  One Dorsey Plaintiff, Ladnie Dennis, shared New Jersey citizenship with Defendants Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc.  On August 8, 2016, Dorsey Plaintiffs filed an amended complaint ("Dorsey Compl." or "Dorsey Complaint"), which they served on Defendants on August 12.

7.      On July 20, 2016, Plaintiff Angel Brock and 26 other plaintiffs ("Brock Plaintiffs") filed a complaint ("Brock Compl." or "Brock Complaint") and commenced an action styled *Brock, et al. v. Bayer Corp., et al*., Case No. BC627662.  Brock Plaintiffs served the Brock Complaint on Defendants on July 22, 2016.  Two

Brock Plaintiffs, Carol Simmons and Amy Williams, shared New Jersey citizenship with Defendants Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc.

8.     On July 29, 2016, Plaintiff Jacklyn Adkins and 19 other plaintiffs ("Adkins Plaintiffs") filed a complaint ("Adkins Compl." or "Adkins Complaint") and commenced an action styled *Adkins, et al. v. Bayer Corp., et al.*, BC628644.  Adkins Plaintiffs served the Adkins Complaint on Defendants on July 29, 2016.  One Adkins Plaintiff, Ryan Chambers, shared Pennsylvania citizenship with Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc.

9.     On August 12, 2016, the Superior Court sua sponte ordered the *Alexander*, *Arvizu*, *Allen*, *Harrison*, *Dorsey*, *Brock*, and *Adkins* actions—which collectively involve 187 plaintiffs—to be consolidated "for all proceedings and all purposes."  The Court designated *Alexander* as the lead case.  The consolidation orders is attached hereto as Exhibit H .  True and correct copies of the state court files for these consolidated cases are attached hereto as Exhibits A through G.

10.     As set forth more fully below, this action is properly removed to the United States District Court for the Northern District of California because the procedural requirements for removal are satisfied and this Court has jurisdiction pursuant to the Class Action Fairness Act.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(6), (d)(11)(B)(i), 1453(a).

## II.     THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.

11.     Pursuant to 28 U.S.C. § 1446(b)(3), Bayer had 30 days from the Superior Court's August 12, 2016 consolidation order to remove this consolidated action.  Because the thirtieth day, September 11, 2016, was Sunday, Bayer's filing on September 12, 2016 is timely.  *See* Fed. R. Civ. P. 6(a)(1)(C).

12.     The United States District Court for the Central District of California presides in the locality in which the state court action is now pending.  It is therefore a proper forum for removal.  *See id.* §§ 84(c)(2), 1441(a).

13.     A copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the Superior Court.  *See id.* ¶ 1446(d).

14.     If any questions arise about this removal, Bayer respectfully requests the opportunity to present briefing and oral argument in support of removal.

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1453.

15.     This Court has subject matter jurisdiction based upon the Class Action Fairness Act ("CAFA").  CAFA gives this Court removal jurisdiction over certain "mass actions," defined as civil actions in which "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  *See* 28 U.S.C. §§ 1332(d)(11)(B)(i), 1453(a).  To be removable, such "mass actions" must involve (a) diversity between at least one plaintiff and at least one defendant, and (b) plaintiffs whose amounts in controversy individually exceed $75,000 and collectively exceed $5,000,000.  *Id.* § 1332(d)(2), (d)(6), (d)(11)(B)(i).  These requirements are met here, and no exception to CAFA removal jurisdiction under 28 U.S.C. § 1332(d) is applicable here.

### A.     The Consolidated Order Creates A "Mass Action."

16.     *Alexander*, *Arvizu*, *Allen*, *Harrison*, *Dorsey*, *Brock*, and *Adkins* became a single "mass action" when the Superior Court "consolidated" them on August 12, 2016 "for all proceedings and all purposes."  The resulting consolidated case has more than 100 plaintiffs "proposed to be tried jointly" within the meaning of CAFA on claims involving common questions of law or fact relating to Essure.[1]

---

[1] Bayer respectfully disagrees with the Superior Court's order consolidating the cases. These cases do not meet California requirements for consolidation and should be severed. *David v. Medtronic, Inc.*, 237 Cal. App. 4th 734, 740 (2015); Cal. Code Civ. Proc. § 378; see also Fed. R. Civ. P. 20, 21.

17.     A proposal to consolidate cases "for all purposes" constitutes a proposal to try cases jointly for purposes of CAFA.  *Corber v. Xanodyn Pharms., Inc.*, 771 F.3d 1218, 1225 (9th Cir. 2014) (*en banc*).  This case presents the question that the Ninth Circuit expressly reserved in *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 (9th Cir. 2009):  "whether a state court's sua sponte joinder of claims might allow a defendant to remove separately filed actions to federal court as a single 'mass action' under CAFA."  *Id.* at 956.  This Court should answer that question in the affirmative.

18.     To hold otherwise would contradict the principle that when two or more actions are consolidated "for all purposes," CAFA's removal provisions apply just as they would apply "if the causes had been united originally."  *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 930 (9th Cir. 2015).  Since there is no dispute that *Alexander*, *Arvizu*, *Allen*, *Harrison*, *Dorsey*, *Brock*, and *Adkins* would have been "mass actions" under CAFA had they been filed as a single action, it follows that consolidation has made them a "mass action" under CAFA.

19.     The text of CAFA confirms that a "mass action" can be formed by the sua sponte action of the state court.  See S. Amy Spencer, IV. Once More Into the Breach, Dear Friends:  The Case For Congressional Revision of the Mass Action Provisions In The Class Action Fairness Act Of 2005, 39 Loy. L.A. L. Rev. 1067, 1078 (2006) (noting that "[t]he plain language" of CAFA does not preclude removal of actions joined sua sponte by the court).  Because CAFA does not define the term "proposed," this Court should give that word its ordinary meaning.  *See Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 1706-07 (2012).  The ordinary meaning of the word "propose" includes "to form or declare a plan or intention."  Webster's Third New International Dictionary at 1819.  That is precisely what the Superior Court did.  By consolidating Alexander, Arvizu, Allen, Harrison, Dorsey, Brock, and Adkins "for all proceedings and all purposes," the Superior Court apparently declared its intention within the meaning of CAFA to try these cases jointly—no less than Plaintiffs would have declared a similar intention had they filed the seven cases in one complaint.

20.     It is irrelevant that the proposal in this case came from the Superior Court, rather than from Plaintiffs.  CAFA does not specify that *only* plaintiffs' proposal can make a case removable.  Had Congress wanted to define "mass action" to exclude cases where the court sua sponte proposes to try claims jointly, it could easily have done so—just as it defines "mass action" to exclude cases where the defendant proposes to trying claims jointly.  *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(II).[2] But Congress chose *not* to create an exclusion for sua sponte consolidation orders, and this Court should respect Congress's decision.  *Dean v. United States*, 556 U.S. 568, 573 (2009) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."); *cf. Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 742 (2014) (holding that Congress's omission of language from another CAFA mass action provision was intentional).

21.     This reading also furthers CAFA's purposes.  The effect of a consolidation order is the same for purposes of the CAFA analysis, regardless of whether the proposal to consolidate the cases originates with the plaintiffs or with the court acting sua sponte.  Congress intended CAFA to allow defendants to remove large mass actions to federal court where minimal diversity requirements are met.  28 U.S.C. § 1332(d).  Congress's intent could be too easily thwarted if only a plaintiff's "proposal" to join cases could give rise to CAFA removal—particularly where, as here, plaintiffs' counsel have filed many similar actions in state court.  *See* Spencer, *Once More Into the Breach,* at 1082 ("courts should interpret the statute to give district court judges discretion to permit removal of consolidated actions if it appears the plaintiffs' attorney filed many small mass actions to force the state trial court

_____

[2] When Congress was considering CAFA, an amendment to exclude cases where the court sua sponte consolidated cases was introduced, 151 Cong. Rec. S1101 (Feb. 8, 2005)—*and subsequently withdrawn*, 151 Cong. Rec. S1236 (Feb. 10, 2005).

judge to consolidate" because "the overarching goal of the mass action provisions is to prevent plaintiffs' attorneys from circumventing CAFA's class action requirements").

22.    Thus, the Superior Court's consolidation order creates  a "mass action" for purposes of CAFA.

**B.    At Least One Plaintiff And At Least One Defendant Are Diverse.**

23.    CAFA's requirement of minimal diversity is satisfied because at least one Plaintiff is a citizen of a different state than at least one Defendant.  In fact, there is diversity between the vast majority of Plaintiffs and Defendants.

24.    Alexander Plaintiffs allege their citizenship as follows:

a.    Plaintiff Jacqueline Alexander is a citizen of Michigan, Alexander Compl. ¶ 7;

b.    Plaintiff Tim Alexander is a citizen of Michigan, *id.*;

c.    Plaintiff Victoria Anthony is a citizen of Tennessee, *id.* ¶ 8;

d.    Plaintiff Kenneth Anthony is a citizen of Tennessee, *id.*;

e.    Plaintiff Ashley Auberry is a citizen of Kentucky, *id.* ¶ 9;

f.    Plaintiff Krystina Azucena is a citizen of Texas, *id.* ¶ 10;

g.    Plaintiff Angela Bell is a citizen of Ohio, *id.* ¶ 11;

h.    Plaintiff Ashani Blount is a citizen of Ohio, *id.* ¶ 12;

i.    Plaintiff Celoa Carey is a citizen of Louisiana, *id.* ¶ 13;

j.    Plaintiff Abigail Clinger is a citizen of Ohio, *id.* ¶ 14;

k.    Plaintiff Karen Eriksen is a citizen of Michigan, *id.* ¶ 15;

l.    Plaintiff Julie Fetters is a citizen of Ohio, *id.* ¶ 16;

m.    Plaintiff Marigold Fontenot is a citizen of Louisiana, *id.* ¶ 17;

n.    Plaintiff Tracy Godfrey is a citizen of Texas, *id.* ¶ 18;

o.    Plaintiff Michelle Gonzalez is a citizen of California, *id.* ¶ 19;

p.    Plaintiff Juan Alfonzo Gonzalez-Arroyo is a citizen of California, *id.*;

q.    Plaintiff Bridget Gripshover is a citizen of Kentucky, *id.* ¶ 20;

r.    Plaintiff Misty Mills is a citizen of Kentucky, *id.* ¶ 21;

s.   Plaintiff Nathan Mills is a citizen of Kentucky, *id.*;

t.   Plaintiff Erika Mix is a citizen of California, *id.* ¶ 22;

u.   Plaintiff Suzy Murillo is a citizen of California, *id.* ¶ 23;

v.   Plaintiff Luis Murillo is a citizen of California, *id.*;

w.   Plaintiff Shannon Robinson is a citizen of California, *id.* ¶ 24;

x.   Plaintiff Jessica Rupert is a citizen of Ohio, *id.* ¶ 25;

y.   Plaintiff Tramika Scoby is a citizen of Louisiana, *id.* ¶ 26;

z.   Plaintiff Teaira Sherrer is a citizen of Louisiana, *id.* ¶ 27;

aa.   Plaintiff Kristeen Shinn is a citizen of California, *id.* ¶ 28;

bb.   Plaintiff Robert James Shinn is a citizen of California, *id.*;

cc.   Plaintiff Tangela Slayford is a citizen of New Jersey, *id.* ¶ 29;

dd.   Plaintiff Frona Taylor is a citizen of Kentucky, *id.* ¶ 30;

ee.   Plaintiff Trachell Trice is a citizen of Texas, *id.* ¶ 31;

ff.   Plaintiff Amanda Wilkins is a citizen of Alabama, *id.* ¶ 32;

gg.   Plaintiff Megan Woolwine is a citizen of Ohio, *id.* ¶ 33;

hh.   Plaintiff Andrew Woolwine is a citizen of Ohio, *id.*

25.   Arvizu Plaintiffs allege their citizenship as follows:

a.   Plaintiff Laneya Arvizu is a citizen of California, Arvizu Compl. ¶ 7;

b.   Plaintiff Sonja Bonanno is a citizen of Florida, *id.* ¶ 9;

c.   Plaintiff Janet Cunningham is a citizen of Illinois, *id.* ¶ 10;

d.   Plaintiff Nanette Diaz is a citizen of Illinois, *id.* ¶ 11;

e.   Plaintiff Tara Erickson is a citizen of Oregon, *id.* ¶ 12;

f.   Plaintiff Roxanne Glass is a citizen of Arizona, *id.* ¶ 13;

g.   Plaintiff Melanie Green is a citizen of New Jersey, *id.* ¶ 14;

h.   Plaintiff Melanie Haddock is a citizen of Arkansas, *id.* ¶ 15;

i.   Plaintiff Khristina Holland is a citizen of California, *id.* ¶ 16;

j.   Plaintiff Elaine Holloway is a citizen of Nevada, *id.* ¶ 17;

k.   Plaintiff Jennifer Jackson is a citizen of Utah, *id.* ¶ 18;

l.    Plaintiff Emily Jankowski is a citizen of New York, *id.* ¶ 19;

m.   Plaintiff Jillyn Katz is a citizen of Nevada, *id.* ¶ 20;

n.    Plaintiff Lori Kipp is a citizen of New York, *id.* ¶ 21;

o.    Plaintiff Delta Lynch is a citizen of Pennsylvania, *id.* ¶ 22;

p.    Plaintiff James Lynch, Jr. is a citizen of Pennsylvania, *id.*;

q.    Plaintiff Tina Matney is a citizen of Illinois, *id.* ¶ 23;

r.    Plaintiff Holli McAlpin is a citizen of Kentucky, *id.* ¶ 24;

s.    Plaintiff Shirley McCalebb is a citizen of Nevada, *id.* ¶ 25;

t.    Plaintiff Stephanie Myers is a citizen of California, *id.* ¶ 26;

u.    Plaintiff Amanda Short is a citizen of Delaware, *id.* ¶ 27;

v.    Plaintiff Brianna Smith is a citizen of Texas, *id.* ¶ 28;

w.   Plaintiff Sharon Valentine is a citizen of Texas, *id.* ¶ 29;

x.    Plaintiff Lillian Vandergriff is a citizen of California, *id.* ¶ 30;

y.    Plaintiff Melissa Whittle is a citizen of Missouri, *id.* ¶ 31;

z.    Plaintiff Daniel Whittle is a citizen of Missouri, *id.*;

aa.  Plaintiff Miranda Wright is a citizen of Florida, *id.* ¶ 32.

26.    Allen Plaintiffs allege their citizenship as follows:

a.    Plaintiff Sharde Allen is a citizen of Tennessee, Allen Compl. ¶ 7;

b.    Plaintiff Luciana Armstrong is a citizen of Tennessee, *id.* ¶ 8;

c.    Plaintiff Krystal Brackett is a citizen of California, *id.* ¶ 9;

d.    Plaintiff Kelsey Castiaux is a citizen of California, *id.* ¶ 10;

e.    Plaintiff James Castiaux is a citizen of California, *id.*;

f.    Plaintiff Kimberly Cook is a citizen of Tennessee, *id.* ¶ 11;

g.    Plaintiff Alicia Cumplido is a citizen of California, *id.* ¶ 12;

h.    Plaintiff David Maier is a citizen of California, *id.*;

i.    Plaintiff Melissa Darnall is a citizen of Kentucky, *id.* ¶ 13;

j.    Plaintiff Jerry Darnall is a citizen of Kentucky, *id.*;

k.    Plaintiff Donna Davis is a citizen of Georgia, *id.* ¶ 14;

l.   Plaintiff Richard Davis, Jr. is a citizen of Georgia, *id.*;

m.   Plaintiff Brandy Denley is a citizen of Texas, *id.* ¶ 15;

n.   Plaintiff Jason Denley is a citizen of Texas, *id.*;

o.   Plaintiff Michele Elwood is a citizen of Oregon, *id.* ¶ 16;

p.   Plaintiff Chad Elwood is a citizen of Oregon, *id.*;

q.   Plaintiff Lena Exline is a citizen of Colorado, *id.* ¶ 17;

r.   Plaintiff Sherry Faircloth is a citizen of Tennessee, *id.* ¶ 18;

s.   Plaintiff Perla Gallardo is a citizen of California, *id.* ¶ 19;

t.   Plaintiff Aricka Gordon is a citizen of California, *id.* ¶ 20;

u.   Plaintiff Carla Johnson is a citizen of Tennessee, *id.* ¶ 21;

v.   Plaintiff Katie Lardie is a citizen of Michigan, *id.* ¶ 22;

w.   Plaintiff Shawn Lardie is a citizen of Michigan, *id.*;

x.   Plaintiff Lashawnda Lewis is a citizen California, *id.* ¶ 23;

y.   Plaintiff Chelsea Marshall is a citizen of Tennessee, *id.* ¶ 24;

z.   Plaintiff Jaime Moore is a citizen of Tennessee, *id.* ¶ 25;

aa.   Plaintiff Jennifer Morrison is a citizen of Tennessee, *id.* ¶ 26;

bb.   Plaintiff Holly Owen is a citizen of Tennessee, *id.* ¶ 27;

cc.   Plaintiff Shirley Queenen is a citizen of California, *id.* ¶ 28;

dd.   Plaintiff Kimberly Campbell Rash is a citizen of Pennsylvania, *id.* ¶ 29;

ee.   Plaintiff Donald Rash is a citizen of Pennsylvania, *id.*;

ff.   Plaintiff Sherica Rhyan is a citizen of Missouri, *id.* ¶ 30;

gg.   Plaintiff Crystal Slone is a citizen of Kentucky, *id.* ¶ 31;

hh.   Plaintiff Tiffany Smith is a citizen of Ohio, *id.* ¶ 32;

ii.   Plaintiff Amanda Smith-Conley is a citizen of Ohio, *id.* ¶ 33;

jj.   Plaintiff Artiscia Yates is a citizen of Tennessee, *id.* ¶ 34;

kk.   Plaintiff Lamonica Young is a citizen of Tennessee, *id.* ¶ 35;

ll.   Plaintiff Willie Rubin is a citizen of Tennessee, *id.*

27. Harrison Plaintiffs allege their citizenship as follows:

a. Plaintiff Nicole Harrison is a citizen of California, *id.* ¶ 7;

b. Plaintiff Kynisha Reid is a citizen of California, *id.* ¶ 8;

c. Plaintiff Jennifer Bosley is a citizen of Louisiana, *id.* ¶ 9;

d. Plaintiff Amanda Cummings is a citizen of Arizona, *id.* ¶ 10;

e. Plaintiff Kea Taylor is a citizen of Tennessee, *id.* ¶ 11;

f. Plaintiff Rita McCallan is a citizen of Texas, *id.* ¶ 12;

g. Plaintiff April Willis is a citizen of North Carolina, *id.* ¶ 13;

h. Plaintiff Jamie Bell is a citizen of Ohio, *id.* ¶ 14;

i. Plaintiff Melissa Joppy is a citizen of Pennsylvania, *id.* ¶ 15;

j. Plaintiff Gretchen Amy is a citizen of Minnesota, *id.* ¶ 16;

k. Plaintiff Pamela Hartmann is a citizen of South Carolina, *id.* ¶ 17;

l. Plaintiff Ashley Worsham is a citizen of Arkansas, *id.* ¶ 18;

m. Plaintiff Majorie Lynar is a citizen of Georgia, *id.* ¶ 19;

n. Plaintiff Sarah Stockigt is a citizen of New York, *id.* ¶ 20;

o. Plaintiff Nicoma Edelstein is a citizen of Florida, *id.* ¶ 21;

p. Plaintiff Lois Elliane Barbrey is a citizen of South Carolina, *id.* ¶ 22;

q. Plaintiff Jennifer Lindsey is a citizen of Kentucky, *id.* ¶ 23;

r. Plaintiff Erica Baer is a citizen of Pennsylvania, *id.* ¶ 24;

s. Plaintiff Amy Falcon is a citizen of North Dakota, *id.* ¶ 25;

t. Plaintiff Tonya Buckland is a citizen of Ohio, *id.* ¶ 26;

u. Plaintiff Kristy Koelin is a citizen of Arizona, *id.* ¶ 27;

v. Plaintiff Rhonda Suttles is a citizen of Tennessee, *id.* ¶ 28;

w. Plaintiff April Karow is a citizen of Tennessee, *id.* ¶ 29;

x. Plaintiff Heather Teter is a citizen of Ohio, *id.* ¶ 30;

y. Plaintiff Christine Flaningam is a citizen of Arizona, *id.* ¶ 31;

z. Plaintiff Brenna Baker is a citizen of Missouri, *id.* ¶ 32;

aa. Plaintiff Dahlia Dormer is a citizen of Pennsylvania, *id.* ¶ 33;

11

bb.  Plaintiff Melissa Johnson is a citizen of Ohio, *id.* ¶ 34;

cc.  Plaintiff Angela Capaul is a citizen of Ohio, *id.* ¶ 35;

dd.  Plaintiff Maria Jasso is a citizen of New Mexico, *id.* ¶ 36.

28.    Dorsey Plaintiffs allege their citizenship as follows:

a.  Plaintiff Keelie Dorsey is a citizen of California, Dorsey Compl. ¶ 7;

b.  Plaintiff Pamela Dennis is a citizen of California, *id.* ¶ 8;

c.  Plaintiff Tina Vega is a citizen of Illinois, *id.* ¶ 9;

d.  Plaintiff Ladnie Dennis is a citizen of New Jersey, *id.* ¶ 10;

e.  Plaintiff Marie Sanchez is a citizen of New York, *id.* ¶ 11;

f.  Plaintiff Tisha Cornell is a citizen of Florida, *id.* ¶ 12;

g.  Plaintiff Dena Sheldon is a citizen of Tennessee, *id.* ¶ 13;

h.  Plaintiff Sara Kaser is a citizen of Ohio, *id.* ¶ 14;

i.  Plaintiff Kimberly Kaiser is a citizen of Arizona, *id.* ¶ 15;

j.  Plaintiff Jeanne Lewey is a citizen of Maine, *id.* ¶ 16;

k.  Plaintiff Casi Dixon is a citizen of Ohio, *id.* ¶ 17.

29.    Brock Plaintiffs allege their citizenship as follows:

a.  Plaintiff Angel Brock is a citizen of Ohio, Brock Compl. ¶ 7;

b.  Plaintiff Alexandria Bradley is a citizen of California, *id.* ¶ 8;

c.  Plaintiff Martha Cervantes is a citizen of California, *id.* ¶ 9;

d.  Plaintiff Heather Christopher is a citizen of Washington, *id.* ¶ 10;

e.  Plaintiff Tamika Correa is a citizen of Illinois, *id.* ¶ 11;

f.  Plaintiff Toshia Dunagan is a citizen of Washington, *id.* ¶ 12;

g.  Plaintiff Yolanda Garibo is a citizen of Arizona, *id.* ¶ 13;

h.  Plaintiff Denise Guckia is a citizen of Arizona, *id.* ¶ 14;

i.  Plaintiff Ashley Jones is a citizen of Florida, *id.* ¶ 15;

j.  Plaintiff Tressa Kelley is a citizen of Arizona, *id.* ¶ 16;

k.  Plaintiff Emily Killcreas is a citizen of Alabama, *id.* ¶17;

l.  Plaintiff Patricia Landa is a citizen of California, *id.* ¶ 18;

m.   Plaintiff Ernesta Lee is a citizen of Iowa, *id.* ¶ 19;

n.   Plaintiff Tanya Lee is a citizen of Florida, *id.* ¶ 20;

o.   Plaintiff Mercy Martinez is a citizen of Florida, *id.* ¶ 21;

p.   Plaintiff Tonya McClinton is a citizen of Arkansas, *id.* ¶ 22;

q.   Plaintiff Grace Okoro is a citizen of Texas, *id.* ¶ 23;

r.   Plaintiff Alma Ramirez is a citizen of Arizona, *id.* ¶ 24;

s.   Plaintiff Darcy Reifinger is a citizen of Pennsylvania, *id.* ¶ 25;

t.   Plaintiff Angelica Rosales is a California, *id.* ¶ 26;

u.   Plaintiff Christina Scott is a citizen of California, *id.* ¶ 27;

v.   Plaintiff Carol Simmons is a citizen of New Jersey, *id.* ¶ 28;

w.   Plaintiff Maria Solis is a citizen of Arkansas, *id.* ¶ 29;

x.   Plaintiff Aretha Washington is a citizen of Missouri, *id.* ¶ 30;

y.   Plaintiff Kimyata White is a citizen of Georgia, *id.* ¶ 31;

z.   Plaintiff Amy Williams is a citizen of New Jersey, *id.* ¶ 32;

aa.  Plaintiff Sondra Williams is a citizen of Texas, *id.* ¶ 33.

30.   Adkins Plaintiffs allege their citizenship as follows:

a.   Plaintiff Jacklyn Adkins is a citizen of Ohio, Adkins Comp. ¶ 7;

b.   Plaintiff Brandon Adkins is a citizen of Ohio, *id.*;

c.   Plaintiff Alisha Banks is a citizen of Ohio, *id.* ¶ 8;

d.   Plaintiff Marlyn Banks is a citizen of Ohio, *id.*;

e.   Plaintiff Dana Biery is a citizen of Michigan, ¶ 9;

f.   Plaintiff Holly Cannon is a citizen of Tennessee, *id.* ¶ 10;

g.   Plaintiff Ryan Chalmers is a citizen of Pennsylvania, *id.* ¶ 11;

h.   Plaintiff Rayna Gains is a citizen of Florida, *id.* ¶ 12;

i.   Plaintiff Christie Gregory is a citizen of Tennessee, *id.* ¶ 13;

j.   Plaintiff Rozetta Leffew is a citizen of Tennessee, *id.* ¶14;

k.   Plaintiff Lucas Leffew is a citizen of Tennessee, *id.*;

l.   Plaintiff Shana Mason is a citizen of Ohio, *id.* ¶ 15;

13

m.   Plaintiff Craig Mason is a citizen of Ohio, *id.*;

n.   Plaintiff Yolanda Mills is a citizen of Louisiana, *id.* ¶ 16;

o.   Plaintiff Melissa Sloan is a citizen of South Carolina, *id.* ¶ 17;

p.   Plaintiff Matthew Sloan is a citizen of South Carolina, *id.*;

q.   Plaintiff Angelica Smith is a citizen of Georgia, *id.* ¶ 18;

r.   Plaintiff Donna Sprague is a citizen of Kentucky, *id.* ¶ 19;

s.   Plaintiff Cierra Thomas is a citizen of Tennessee, *id.* ¶ 20;

t.   Plaintiff Laurene Widstrand is a citizen of California, *id.* ¶ 21.

31.   Defendant Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania.  For purposes of removal and diversity jurisdiction, it is therefore a citizen of Delaware and Indiana.  *See* 28 U.S.C. § 1332(c)(1).

32.   Defendant Bayer HealthCare LLC is a limited liability company organized under the laws of Delaware.  A limited liability company "is deemed to be a citizen of all states where its members are citizens." *Tri-County Metro. Transp. v. Butler Block, LLC*, 337 F. App'x 708, 709 (9th Cir. 2009); *accord Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894 899 (9th Cir. 2006).  At the time each complaint in each above-captioned matter was followed, and at all time from then through the present, Bayer HealthCare LLC's members were and are:

a.   Bayer Medical Care Inc., a Delaware corporation with its principal place of business in Pennsylvania;

b.   NippoNex Inc., a Delaware corporation with its principal place of business in New Jersey;

c.   Bayer West Coast Corporation, a Delaware corporation with its principal place of business in New Jersey;

d.   Bayer Essure Inc., a Delaware corporation with its principal place of business in New Jersey;

e.   Bayer Consumer Care Holdings LLC, a limited liability company, the sole common member of which is Bayer East Coast LLC and the sole

14

preferred member of which is Bayer HealthCare US Funding LLC. Bayer East Coast LLC's sole member is Bayer US Holding LP, and Bayer HealthCare US Funding LLC's members are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V.  Bayer US Holding LP is a limited partnership in which Bayer World Investments B.V. is the sole General Partner and Bayer Solution B.V. is the sole Limited Partner.  Both Bayer World Investments B.V. and Bayer Solution B.V. are incorporated in and have their principal places of business in the Netherlands.  Bayer AG and Bayer Pharma AG are German corporations with their principal places of business in Germany;

f.    Dr. Scholl's LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC;

g.    Coppertone LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC;

h.    MiraLAX LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC; and

i.    Bayer HealthCare US Funding LLC, a limited liability company, whose members are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V.  Bayer AG is a German corporation with its principal place of business in Germany; Bayer Pharma AG is a German corporation with its principal place of business in Germany; and Bayer World Investments B.V. is incorporated in and has its principal place of business in the Netherlands.

Accordingly, at the time the complaints were filed and at all times thereafter, Bayer HealthCare LLC was and is a citizen of Delaware, New Jersey, Pennsylvania, Germany, and the Netherlands.

33.     Defendant Bayer Essure Inc. is a Delaware corporation with its principal place of business in New Jersey.  For purposes of removal diversity jurisdiction, it is therefore a citizen of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

34.     Defendant Bayer HealthCare Pharmaceuticals Inc., is a Delaware corporation with its principal place of business in New Jersey.  For purposes of removal diversity jurisdiction, it is therefore a citizen of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

35.     Since at least one Plaintiff is a citizen of a different state than at least one Defendant, CAFA's minimal diversity requirement is satisfied

### C.     CAFA's Amount-In-Controversy Requirement Is Satisfied.

36.     The final requirement for removal under CAFA is an amount in controversy for each individual Plaintiff exceeding $75,000, and in the aggregate exceeding $5,000,000.  28 U.S.C. § 1332(d)(2), (6), (11)(B)(i).  At this stage, a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

37.     Although Plaintiffs do not—and, under California law, cannot—allege the specific amounts they seek, *see* Cal Code Civ. Proc. § 425.10(b), it is clear from the facts alleged in the complaint that each seeks more than the diversity jurisdiction threshold of $75,000 and (therefore) that their claims collectively seek more than $5,000,000.  *See* 28 U.S.C. § 1446(c)(2); *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.21 (9th Cir. 2003) (finding "no doubt" that the amount-in-controversy requirement based on the nature of the plaintiff's alleged injuries and the request for punitive damages).

38.     Plaintiffs allege a range of severe injuries and complications, including hysterectomy, salpingectomy, perforation of organs requiring surgery, fallopian tube rupture requiring surgery, severe menstrual pain, severe back pain, severe abdominal

pain, autoimmune disorders, rheumatoid arthritis, depression, dypareunia, excessive bleeding, weight gain, fatigue, infections, migraines, fatigue, nausea, vision impairment and loss, extreme lack of concentration, and unwanted pregnancy.

39.     Courts have found the amount-in-controversy requirement satisfied in similar cases, in which plaintiffs have asserted similar injuries, alleged similar degrees of pain, and requested punitive damages. *See, e.g.*, *Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied.").[3]

40.     Moreover—although Bayer denies that any relief is warranted— California courts routinely award damages in excess of $75,000 per plaintiff in product liability cases where liability is found, further demonstrating that the jurisdictional minimum of $5,000,000 in the aggregate is satisfied here. *See, e.g.*, *Scott v. C.R. Bard, Inc.*, 180 Cal. Rptr. 3d 479, 484 (Cal. App. 2014); *Chavez v. Mandel*, No. 05CC11502, 2008 WL 7782568 (Cal. Super. Ct. July 18, 2008).

41.     Thus, given the nature of Plaintiffs' alleged injuries, the scope of damages sought, and the lack of any express limitation on the amount of damages sought, Plaintiffs' claims plainly satisfy the jurisdictional amount requirement.

---

[3] *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (amount-in-controversy requirement satisfied where plaintiff alleges injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, pain and suffering, lost wages, and permanent disability); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 11158 (M.D. Ala. 2013) (amount-in-controversy requirement satisfied where plaintiff underwent surgeries as a result of defective implant, suffered permanent injuries, lost wages, and medical expenses, and sought punitive damages); *In re Yasmin and Yaz (Dropirenone) Mktg., Sales Practices and Prod. Liab. Litig.*, 92 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *In re Guidant Corp. Implantable Debirillators Prods. Liab. Ligit.*, 2007 WL 2572048, at *5 (D. Minn. Aug. 30, 2007) (amount-in-controversy requirement satisfied where plaintiff alleged serious injuries from medical device and sought punitive damages and other plaintiffs alleging injuries from same device plead damages in excess of $75,000); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (complaint alleging various injuries from prescription drug "obviously" met amount-in-controversy requirement).

IV.  **CONCLUSION**

WHEREFORE, notice is given that this action is removed from the Superior Court of State of California, County of Los Angeles, to the United States District Court for the Central District of California.

V.  **DEMAND FOR JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bayer hereby demands a jury trial in this matter.

DATED:  September 12, 2016

SIDLEY AUSTIN LLP

By: /s/ Alycia A. Degen

Alycia A. Degen
adegen@sidley.com
Bradley J. Dugan
bdugan@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

*Counsel for Defendants Bayer Corporation, Bayer Essure Inc., Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc.*