JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-6822-MWF (MRW)          **Date:** November 14, 2016
**Title:** Jacqueline Alexander, et al. v. Bayer Corp., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [14]

Before the Court is Plaintiffs' Motion to Remand, filed on September 30, 2016. (Docket No. 14). Defendants filed an Opposition to the Motion on October 17, 2016. (Docket No. 19). The Court held a hearing on the Motion on **November 7, 2016**, and now GRANTS the motion.

## I. BACKGROUND

This case involves seven cases that were originally filed separately in Los Angeles County Superior Court. All seven cases alleged injuries to the female plaintiffs as a result on using Essure, a form of birth control manufactured and distributed by Defendants. Plaintiffs allege that they structured their individual complaints such that the suit could be heard only in state court, and intentionally made sure no diversity existed, asserted no federal causes of action, and limited the plaintiffs in each case to fewer than forty. (Motion at 2).

While Plaintiffs sought to limit the number of individual plaintiffs in each suit, they did seek to have pretrial proceedings coordinated with all Essure actions in the state. On August 5, 2016, Plaintiffs joined in a Petition for Coordination filed with the Judicial Council of California. This Petition specifically stated that coordination was sought "solely for pretrial purposes." (Exhibit 1 to Declaration of Elizabeth Graham, Docket No. 14-2). While this Petition was pending, the Los Angeles County Superior Court, acting *sua sponte*, found the seven actions related

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-6822-MWF (MRW)          **Date:** November 14, 2016
**Title:**     Jacqueline Alexander, et al. v. Bayer Corp., et al.

and consolidated them. (*Id.*, Ex. 2). Plaintiffs then moved to stay all proceedings until the Petition could be decided by the Judicial Council. (*Id.*, Ex. 3). Defendants also filed a motion to stay proceedings in Superior Court. (*Id.*, Ex. 4).

On September 1, 2016, Judge Smith of the Alameda County Superior Court was appointed as the Coordination Motion Judge. Judge Smith then issued an order staying all actions until the petition was decided. (*Id.*, Exs. 5–7). Four days later, Defendants removed this action to this Court.

## II. DISCUSSION

### A. Class Action Fairness Act

Defendants' Notice of Removal asserts jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d). (Notice of Removal at 1). Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity. 28 U.S.C. § 1332(d)(2).

As relevant here, CAFA's "mass action" provision provides for federal jurisdiction in non-class action cases that involve "monetary relief claims of 100 or more persons" that are "proposed to be tried jointly . . . ." 28 U.S.C. § 1332(d)(11)(A), (B). The statute specifies that a "'mass action' shall not include any civil action in which . . .(II) the claims are joined upon motion of a defendant; . . . or (IV) the claims have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii). The Ninth Circuit has not ruled on whether a "state court's *sua sponte* joinder of claims might allow a defendant to remove separately filed actions to federal court as a single 'mass action' under CAFA." *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 956 (9th Cir. 2009) (expressing no opinion on this question).

### B. Removal Was Improper

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-6822-MWF (MRW)                Date:  November 14, 2016
Title:    Jacqueline Alexander, et al. v. Bayer Corp., et al.

     All parties agree that most of the requirements of CAFA are satisfied: minimal diversity is present and the amount-in-controversy requirement is met. The sole issue before this Court is whether the state court's *sua sponte* consolidation of the cases for trial, issued on August 12, 2016, rendered the cases removable to federal court under CAFA. This is an open question in the Ninth Circuit, as the court expressly declined to address the question in *Tanoh*. 561 F.3d at 956. Of course, had Plaintiffs proposed to have their cases tried jointly, that would qualify as a mass action removable under CAFA. 28 U.S.C. § 1132(d)(11)(A), (B). But the text of the statute does not make clear whether a *sua sponte* state court consolidation is a "proposal" for the cases to be tried jointly such that the case becomes removable.

     Plaintiffs point to the Seventh Circuit's opinion in *Koral v. Boeing Co.*, 628 F.3d 945, 946–47 (7th Cir. 2011). There the court "assume[d]" a state court's deciding on its own initiative to conduct a joint trial would not enable removal. *Id.* The court made clear that this assumption was "answering a question left open in . . . Tanoh . . . ." *Id.* The court reasoned that a *sua sponte* consolidation would not be a "proposal," and that because the purpose of the mass action provision was to prevent *plaintiffs* from circumventing CAFA, allowing removal in response to a *court's* actions would not make sense. *Id.* Defendants point out that this was not the Seventh Circuit's actual holding in the case, and was not a briefed issue. At the hearing, Defendants reiterated that the Court should view this case with some skepticism, given the fact the issue was not briefed. The Court agrees that this statement was likely dicta, but still takes note of the Seventh Circuit's reasoning on the issue.

     CAFA specifically excludes from federal jurisdiction cases that are "joined upon motion of a defendant," again focusing on the actions of plaintiffs. 28 U.S.C. § 1332(d)(11)(B)(ii)(II). The Ninth Circuit has held that plaintiffs are "masters of their complaint," such that structuring complaints to avoid triggering CAFA jurisdiction is allowable. *See Tanoh*, 561 F.3d at 953 (affirming the remand of a case involving seven groups of plaintiffs, each with less than 100 people, but totaling more than 100 people combined). The Ninth Circuit also described the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-6822-MWF (MRW)**   **Date:  November 14, 2016**
**Title:**    Jacqueline Alexander, et al. v. Bayer Corp., et al.

mass action provision of CAFA—as opposed to the class action provisions—as "fairly narrow." *Id.*  Plaintiffs argue that the Ninth Circuit's pronouncements on the mass action clause, combined with the Seventh Circuit's decision on this specific issue, show that remand is proper here.

Defendants point out that there is no express limitation of "proposals" to those coming from plaintiffs in mass actions.  At the hearing, Defendants placed emphasis on this argument.  They correctly note that Congress could have inserted such a limitation had it intended to exclude *sua sponte* consolidations by state courts from CAFA's jurisdictional grant.  (Opposition at 3).  Defendants also cite to the Eleventh Circuit's definition of "propose," which was cited positively by the Ninth Circuit: "'Propose' means 'to form or declare a plan or intention' or 'to offer for consideration, discussion, acceptance, or adoption.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 881 (11th Cir. 2013) (quoting *Webster's Third New International Dictionary* 1819 (2002)).  Defendants argue that by joining the cases here, the state court "declared a plan or intention" to try the cases together.  (Opposition at 4).

A straightforward reading of the statute's text leads the Court to reject Defendants' arguments.  As Plaintiffs argue, courts do not typically "propose" or "offer," they issue orders or mandates that the parties must follow.  Notably, Defendants point to no case in which a court has described judicial actions as "proposals."  An "order," on the other hand, is defined as a "command, direction, or instruction."  Black's Law Dictionary (10th ed. 2014).  This definition fits more closely with the common understanding of judicial actions, and describes the state court's consolidation of the cases here.  Plaintiffs did not propose that the cases be consolidated in state court, nor would they have any say in the matter once the state court ordered the consolidation.  The state court did not propose consolidation and then ask for the parties' thoughts or responses.  Rather, it issued an order consolidating the cases and assigning them to a single judge.

Under no standard definition would this qualify as a proposal.  Indeed, Ninth Circuit cases discussing the mass action clause seem to contemplate such proposals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-6822-MWF (MRW)         Date:  November 14, 2016
Title:     Jacqueline Alexander, et al. v. Bayer Corp., et al.

coming only from parties, not the court itself.  *See, e.g.*, *Corber v. Xanodyne Pharmaceuticals, Inc.*, 771 F.3d 1218, 1223 (9th Cir. 2014) ("*Tanoh v. Dow Chemical Co.* holds, consistent with the plain language of CAFA, that the proposal to try claims jointly must come from the plaintiffs, not from the defendants.").  Because courts issue orders, not proposals, this view of "proposal" makes sense.  And because CAFA does not allow removal for cases consolidated by order or mandate, this Court does not have jurisdiction here.

The Court notes another district court to address this issue seems to have arrived at the same conclusion.  *See Time Ins. Co v. Astrazeneca AB*, 52 F. Supp. 3d 705, 715 (E.D. Pa. 2014) ("The Defendants point to the fact that the Philadelphia County Court of Common Pleas was likely to 'exercise its discretion to join the claims *sua sponte*.'  This is not enough to say that the Plaintiffs were proposing that their claims be tried together based on the uncertain possibility that this could happen if both claims were filed in state court.  This action should not be considered a 'mass action' under CAFA.").  This holding also seems to contemplate that only parties can make "proposals."

In addition, the Court noted at the hearing that Defendants do not argue or point to any California precedent or rules of court that rendered it a foregone conclusion that consolidation would occur.  In fact, Defendants' counsel at the hearing reasoned that the lack of precedent on this issue might be due to the fact that consolidation is a rare occurrence in California courts.

Ninth Circuit case law also leads this Court to conclude that the mass action provision should be read narrowly, and that remand is appropriate here.  The Ninth Circuit has repeatedly held that Plaintiffs are masters of their complaint, and that strategic filing of separate complaints in state court does not automatically create jurisdiction under CAFA.  *See, e.g.*, *Tanoh*, 561 F.3d at 953.  The Ninth Circuit has also stated that the mass action provision as a whole is "fairly narrow."  *Id.*; *Corber*, 771 F.3d at 1222 (describing mass actions provision as narrow). Taken together, the Court agrees with Plaintiffs that a state court's *sua sponte* consolidation of cases should not automatically entitle Defendants to federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-6822-MWF (MRW)        **Date:** November 14, 2016
**Title:**     Jacqueline Alexander, et al. v. Bayer Corp., et al.

jurisdiction notwithstanding Plaintiffs' attempts to remain in state court. This case is not a mass action removable under CAFA.

## III. CONCLUSION

The Court concludes that this case is not a "mass action" within the definition of CAFA, and that it must therefore be remanded to the state court. The state court's *sua sponte* consolidation of the cases is not a proposal to have the cases tried jointly. Instead, it is a judicial mandate. Given the narrow reading courts apply to CAFA's mass action provision, the Court will not read the word "propose" in such a broad manner.

In making this decision, the Court is mindful that "no antiremoval presumption attends cases involving CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

Because the Court concludes that it has no jurisdiction under CAFA, the Court does not address Plaintiffs' other argument for removal concerning the stay ordered by the state court.

The Court **ORDERS** that this action be **REMANDED** to the Los Angeles County Superior Court.

IT IS SO ORDERED.